**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ROBERT YEAZEL, JR., as Executor of the Estate of CAROL ANN YEAZEL,** ) ) ) | In re: HEPARIN PRODUCTS LIABILITY LITIGATION |
| ) | MDL No. 1953 |
| **Plaintiff,** ) ) | |
| vs. ) ) | CASE NO. 1:09-hc-60186 |
| **BAXTER HEALTHCARE CROP., et al.,** ) ) | JUDGE JAMES G. CARR |
| **Defendants.** ) ) | |

Before the Court is Plaintiff's Motion to Exclude Affidavit of Wilma Cummings (Doc. 41). Plaintiff requests the Court to exclude the Affidavit of Wilma Cummings, in its entirety, and prohibit defendants from relying on this Affidavit in support of their Motion for Summary Judgment (Doc. 32) and Motion to Exclude Testimony of Plaintiff's experts Dr. Mazur, Dr. Schonwald, Dr. Hoppensteadt, Dr. Jeske and Dr. Kiss (Doc. No. 33). Plaintiff requests further that Defendants' experts be prohibited from relying upon this Affidavit, that the witness be precluded from being called at trial, and that Plaintiff be provided the opportunity to apply for costs necessitated by the preparation of his Motion.

For the reasons stated below, I grant the motion, at least insofar as it seeks to disallow testimony by Ms. Cummings. I deny the request for sanctions.

## I. BACKGROUND

Ms. Cummings is the current clinical manager at the Renal Care Group Washington Court House ("RCG Washington Court House") dialysis center. Defendants submit her affidavit in support of their argument that plaintiff's wife did not receive a second bolus dose of Heparin at 11:05 a.m. on the day she died. Ms. Cummings' affidavit states that she is a licensed nurse and that she has worked as the Clinical Manager at the RCG Washington Court House dialysis center since December, 2009. Ms. Cummings avers that she is familiar with the electronic medical charting program used by the facility, otherwise known as the AMI program. She states that it has been the facility's practice to chart the total quantity of maintenance Heparin administered during dialysis treatments as a single entry at the end of a treatment session as opposed to at the time of dosing. Ms. Cummings concludes, upon her review of the facility's records from December 2007, that Mrs.Yeazel did not receive a second bolus dose of Heparin on the day of her death. Rather, Ms. Cummings states that the 11:05 a.m. dosing entry in the "service meds" section of Mrs. Yeazel's dialysis flow sheet indicates the total dosage of Heparin received during treatment via a maintenance drip, and not the administration of a second bolus dose of Heparin.

Plaintiff asserts the following grounds in support of his Motion to exclude the affidavit: 1) Ms. Cummings' affidavit is not based on personal knowledge; 2) Ms. Cummings' affidavit is inadmissible under Fed. R. Evid. 702 because she was not identified as an expert witness; 3) Ms. Cummings' affidavit should be excluded pursuant to Fed. Rule Evid. 403 because its admission would result in confusion and mislead the jury; and 4) Ms. Cummings' affidavit must be excluded as untimely pursuant to Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37(c)(1). Defendants argue that Plaintiff's motion should be denied because the Affidavit is based on personal knowledge, is

admissible lay opinion testimony, is highly probative evidence and not unfairly prejudicial, and was timely produced.

## II. LAW AND ANALYSIS

### A. STANDARD OF REVIEW

To be considered by the Court on a motion for summary judgment, an affidavit must satisfy three formal requirements: (1) it "shall be made on personal knowledge"; (2) it "shall set forth such facts as would be admissible in evidence" at the time of trial; and (3) it "shall show affirmatively that the affiant is competent to testify to the matters stated therewith." *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 469 (N.D. Ohio 2007) (quoting Fed. R. Civ. Pro. 56(e)). If an affidavit does not meet these requirements it is subject to a motion to strike, and the Court will not consider it in ruling upon a motion for summary judgment. *Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F.Supp.2d 948, 954 (S.D. Ohio 2000). "In resolving a motion to strike, the Court should use "a scalpel, not a butcher knife." *Giles*, 241 F.R.D. at 469 (quoting *Perez v. Volvo Car Corp.*, 247 F.3d 303, 315 16 (1st Cir. 2001)). "Thus, it is appropriate for the Court to strike portions of affidavits that do not satisfy the requirements of Rule 56(e)." *Id.* (citing 11 JAMES WM. MOORE, FEDERAL PRACTICE 56.14[1][d] (Matthew Bender 3d ed.), n. 46 and 47).

### B. PERSONAL KNOWLEDGE

Affidavits in support of summary judgment motions must be made on personal knowledge. *Sperle v. Michigan Dep't of Corrections*, 297 F.3d 483, 495 (6th Cir. 2002); *Smartt v. Clifton*, No. C 3 96 389, 1997 WL 1774874, at *11 (S.D. Ohio 1997); Fed. R. Civ. Pro. 56(c)(4). Under Rule 56(c)(4), it must be evident from the affidavit that the facts contained therein are based on personal knowledge. *Reddy*, 137 F. Supp. 2d at 956. Inferences, thoughts, and opinions may be properly

included in a Rule 56 affidavit if premised on firsthand observations or personal experience and established by specific facts. *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1355 n. 2 (6th Cir. 1996); *Drake v. Minnesota Min. & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("[a]lthough 'personal knowledge' may include inferences and opinions, those inferences must be substantiated by specific facts"). However, affidavits based on mere "information and belief," as opposed to facts the affiant *knows* to be true, are not proper. *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 831, 70 S.Ct. 894, 94 L.Ed. 1312 (1950) (emphasis added), *overruled on other grounds by Lear, Inc. v. Adkins*, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969).

Defendants argue that Ms. Cummings' affidavit satisfies the personal knowledge requirement of Fed. R. Evid. 602. The Defendants maintain that the Court may properly infer, based on Ms. Cummings "personal knowledge and belief," that the RCG Washington Courthouse dialysis electronic charting program and practices were the same in 2007 as they were when Ms. Cummings began working there in 2009. Moreover, Defendants argue that Ms. Cummings' testimony constitutes admissible lay opinion testimony because it is based on information she perceived during the course of her work and her personal experience at the facility.

The Court finds that Ms. Cummings' statements and opinions contained in her affidavit are not premised on firsthand observations or personal experience and are not established by specific facts. Ms. Cummings' affidavit fails to establish that she has firsthand knowledge that the electronic charting program used by RCG Washington Courthouse since 2009 and thereafter was the same program in use in December 2007. Her affidavit also fails to establish that she has firsthand knowledge that the routine, uniform practice of charting maintenance Heparin dosing in 2009 and thereafter was the same in December 2007. In short, Ms. Cummings can not have personal

knowledge of the programs and practices of the RCG Washington Court House facility that occurred at a time when she was not employed there. *Reddy*, 137 F. Supp. 2d at 957.

Nor is Ms. Cummings' lay opinion supported by facts demonstrating that she has an understanding or familiarity with standardized dialysis charting procedures industry-wide that is applicable to the records kept by RCG Washington Court House. *Linton v. Streetsboro City Sch. Dist. Bd. Of Educ.*, 162 Fed. Appx. 532, 537 (6th Cir. 2006) (holding that affiant had personal knowledge of a superintendent's ability to find a job based on forty-nine years of experience in the education field including working for ten to twelve superintendents during that time); *Whitesell Corp. v. Whirlpool Corp.*, No. 05-CV-679, 2009 WL 3718613, * 1-2 (W.D. Mich. Nov. 4, 2009) (holding that affiant was competent to provide lay opinion regarding a manufacturing process by virtue of his personal experience in the industry); *United States v. Madison*, 226 Fed. Appx. 535, 543-44 (6th Cir. 2007) (holding that a lay witness may give an opinion based on application of simple arithmetic); *Teen Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403 (3d Cir.1980) (holding that a plaintiff's public accountant had personal knowledge to compute lost profits from a transaction that preceded his employment with plaintiff based on accepted accounting principles used in the calculation of business losses). Ms. Cummings has not averred that she has personal experience with standardized or accepted dialysis charting procedures in the industry to support her opinion as to the charting practices of this particular facility in 2007. Accordingly, paragraphs 4 - 11 and paragraph 13 of Ms. Cummings' affidavit will be stricken.

### C.  RELEVANCE

The remainder of Ms. Cummings' affidavit, paragraphs 1 – 3 and paragraph 12, regarding the RCG Washington Court House's charting program and practices as of 2009 and thereafter do not set forth facts that would be admissible evidence at trial.  This evidence is not relevant to any issue and is thus inadmissible under Fed. R. Evid. 401 and 402.  Consequently, the remainder of the affidavit will be stricken as well.

### D.  RULE 26 DISCLOSURES

Plaintiff also argues for exclusion of Ms. Cummings' affidavit on the basis that Defendant did not identify Ms. Cummings in its Rule 26 disclosures.  Discovery closed on August 30, 2010, however Defendants did not produce Ms. Cummings' affidavit until November 2010.  Having already stricken the affidavit as outlined above, I need not address whether or not exclusion is warranted on these grounds.  However, Plaintiff also asks leave of the Court to seek his costs associated with the filing of this motion.

Pursuant to Fed. R. Civ. P. 26(a), "parties must ... provide to other parties name and contact information of any person who might have discoverable information to support their claims or defenses." *Johnson v. United Parcel Serv., Inc.*, 236 F.R.D. 376, 377 (E.D. Tenn. 2006).  If a party fails to comply with Rule 26, the trial court has the discretion to impose sanctions. *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985 (6th Cir.1988).

The enforcement mechanism for Rule 26 is Rule 37, which states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.I n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard. . .  may order payment of the reasonable expenses, including attorney's fees, caused by the failure. . .

Fed. R. Civ. 37(c)(1) – (c)(1)(A). The potentially sanctioned party bears the burden of showing that non-disclosure was justified or harmless. *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271-72 (6th Cir.2010).

Plaintiff asserts that Defendants' failure to identify Ms. Cummings or produce her affidavit prior to the close of discovery is neither justified or harmless. Defendants respond that Plaintiff has not been prejudiced by their late production of the affidavit because the affidavit simply corroborates the testimony of another witness and does not add "new information or expand the dispute." Moreover, Defendants argue that Plaintiff has had more than three months in which to cure any prejudice as a consequence of the "late" production, but has not taken any steps to "cure any such prejudice," such as deposing Ms. Cummings. I find the Defendants' arguments well taken; accordingly, Plaintiff's request for sanctions is denied.

### III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED THAT: Plaintiff's Motion to Exclude the Affidavit of Wilma Cummings be, and the same hereby is granted in part and denied in part.

So ordered.

s/ James G. Carr<br>
James G. Carr<br>
Sr. United States District Judge