IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Yeazel, Jr., as Executor of
the Estate of Carol Ann Yeazel

In re: Heparin Products Liability
Litigation

Plaintiff

MDL No. 1953

Case No. 1:09-hc-60186

v.

ORDER

Baxter Healthcare Corporation, et al.,

Defendant

Pending is plaintiff's motion for leave to amend his complaint or, in the alternative, for

certification under Fed. R. Civ. P. 54(b) of an order dismissing his survivorship claim. [Doc. 84].

For the reasons that follow, I deny both aspects of the motion.

I based my original order of dismissal on the fact that, as plead in plaintiff's first amended

complaint, plaintiff had filed the survivorship claim outside the applicable statute of limitations. *In

re Heparin Prods. Liab. Litig.*, 2011 WL 3875361 (N.D. Ohio). The basis for that determination was

the doctrine which the Ohio Supreme Court enunciated in *Peters v. Columbus Steel Castings*, 115

Ohio St. 3d 134, 137-38 (2007), that wrongful death and survivorship are "distinct claims that belong to separate individuals."

In his present motion, plaintiff claims that I should not have dismissed his survivorship claim because it relates back to the filing of the wrongful death claim, which plaintiff had timely filed.

I decline to consider the merits of this argument, which plaintiff did not raise in his original opposition to defendants' motion to dismiss the survivorship claim as alleged in his first amended complaint. At this point, the plaintiff is asking, in effect, if not directly, that I reconsider the original dismissal of the survivorship claims. Doing so *via* an argument that he did not make when it would have been timely to do so is not acceptable.

I decline, therefore, to allow him, on the basis of a newly asserted argument, which, if meritorious, would have avoided the need to file the instant motion, and which he did not raise when he should have.

In any event, I doubt that plaintiff's relation back argument is well taken. As defendants point out, in the Sixth Circuit an amendment adding a new party does not relate back because it asserts a new, and unrelated cause of action. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 317-20 (6th Cir. 2010).

Here, while the same person is asserting the claims, he stands on different footing as to each claim. With regard to the wrongful death claim, he sues on behalf of his wife's estate; *vis-a-vis* the survivorship claim, he sues on his own behalf as his wife's survivor. Where the law views his capacity as to each claim as distinct, as it does under *Peters*, it would not be logical, and would create doctrinal confusion, if the law ignored *Asher* and allowed relation back.

In any event, I strongly desire not to weaken the even more fundamental, and certainly well-established doctrine that a party must make his arguments when he should. To ignore that doctrine would create delay and uncertainty and waste judicial resources.

Finally, I see no basis to permit piecemeal adjudication by certifying an interlocutory appeal under Rule 54(b). Granting certification would reward the failure to have plead the survivorship claim in the original complaint. In any event, for the reasons I have indicated in this and my earlier opinion, I seriously doubt that the plaintiff would prevail on appeal, even if this small bit of a large and complex case were allowed to find its way on its own to Cincinnati. When and if the overall case makes its way there, plaintiff can, if he chooses, then raise this issue on appeal.

It is, therefore, hereby

ORDERED THAT the plaintiff's motion for leave to amend, or in the alternative for certification under Fed. R. Civ. P. 54(b) be, and the same hereby is overruled.

So ordered.

s/James G. Carr
Sr. United States District Judge